UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Carrington Mortgage Services, LLC, | Case No. 2:15-cv-01862-JAD-PAL |
| Plaintiff | |
| v. | **Order Granting<br>the HOA's Motion to Dismiss** |
| Absolute Business Solutions, LLC; Estrella Homeowners Association, | [ECF 14] |
| Defendants | |

This action challenges the 2014 nonjudicial foreclosure sale of a home in the common-interest community known as Estrella. Carrington Mortgage Services, LLC claims it is the beneficiary of the senior deed of trust on the home. When the homeowners defaulted on their assessments owed to the Estrella Homeowners Association ("the HOA"), the HOA sold the property to Absolute Business Solutions, LLC for a small fraction of the mortgage balance.[1] Under the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank*,[2] if the HOA properly foreclosed on a superpriority lien under NRS 116.3116, Carrington's interest was extinguished. In an effort to revive its interest, Carrington sues Absolute to quiet title,[3] and it sues the HOA for unjust enrichment, tortious interference with contractual relations, bad faith, and wrongful foreclosure.[4]

The HOA moves to dismiss all claims against it.[5] It argues that Carrington has failed to

---

[1] ECF 1.

[2] *SFR Inv. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc).

[3] It also asserts "causes of action" for declaratory and injunctive relief, but these are remedies, not independent claims for relief. *See, e.g., Indian Homes Programs, LLC Series III v. Green Tree Servicing, LLC*, 2015 WL 5132456, at *4 (D. Nev. Sept. 1, 2015).

[4] ECF 1 at 10–14.

[5] ECF 10. I find this motion suitable for disposition without oral argument. L.R. 78-2.

state a plausible tortious-interference-with-contractual-relations claim because the complaint lacks allegations that the HOA's acts were intended to induce a third party to breach any contract.[6] And it contends that Carrington's remaining claims must be dismissed because NRS 38.310 requires a court to dismiss any claim relating to the interpretation, application, or enforcement of an HOA's governing documents if the plaintiff has not first mediated or arbitrated that claim before the Nevada Real Estate Division.

I find that Carrington has failed to state a plausible tortious-interference claim, so I dismiss that claim without prejudice. I also conclude that the Nevada Supreme Court's interpretation of NRS 38.310 in *McKnight Family, LLP v. Adept Management Services, Inc.*[7] requires dismissal of Carrington's unjust-enrichment, bad-faith, and wrongful-foreclosure claims. Accordingly, I grant the motion to dismiss.

## Discussion

**A.  Carrington has not plead a plausible tortious-interference claim.**

The HOA first argues that Carrington has failed to plead a plausible claim for tortious interference with contractual relations.[8] To plead this claim under Nevada law, Carrington must state true facts that establish: "(1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage."[9]

Carrington's tortious-interference claim theorizes that the HOA's decision to foreclose on the property rather than accept its predecessor Bank of America's tender of funds sufficient to satisfy the unpaid superpriority lien that the HOA had against the property "was designed to

---

[6] ECF 14 at 5.

[7] *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 310 P.3d 555 (Nev. 2013).

[8] ECF 14 at 5.

[9] *J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003).

disrupt the contractual relationship between Carrington and" the homeowners.[10]  But, as the HOA argues, Carrington has not alleged any fact that demonstrates that Estrella's actions were driven by the motive to interfere.  As the Nevada Supreme Court explained in *J.J. Industries, LLC v. Bennett*, "mere knowledge of the contract is insufficient to establish that the defendant intended or designed to disrupt the plaintiff's contractual relationship; instead, the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff."[11]  That motive must be pled with facts, not merely a conclusory allegation.[12]

Carrington's claim lacks facts to demonstrate this motive to interfere.  Carrington offers nothing more than a bald recitation of the motive element, alleging simply that "The HOA's decision to foreclose . . . was designed to disrupt the contractual relationship between Carrington and Borrowers by extinguishing the senior deed of trust."[13]  But, as the United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, "a plaintiff's obligation to provide the 'grounds' of [its] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[14]  Carrington's motive allegation is insufficient to state a plausible tortious-interference claim under Nevada law.  The motion to dismiss this claim is granted.

**B.    NRS 38.310 requires dismissal of Carrington's remaining claims.**

The HOA next argues that NRS 38.310 requires me to dismiss Carrington's claims for unjust enrichment, bad faith, and wrongful foreclosure because Carrington did not mediate or

---

[10] ECF 1 at ¶ 77.

[11] *J.J. Indus.*, 71 P.3d at 1268.

[12] *See, e.g., Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

[13] ECF 14 at ¶ 77.

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original)).

arbitrate those claims through the Real Estate Division of the Nevada Department of Business and Industry.[15] NRS 38.310 bars any "civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association"[16] that has not been first mediated or arbitrated. And NRS 38.300(3) defines "civil action" to include all claims except quiet-title claims and those seeking injunctive relief for an immediate threat of irreparable harm.[17] The court must consider each claim separately and dismiss those "initiated in violation of NRS 38.310(1)."[18]

### 1. NRS 38.310 requires the dismissal of all qualifying claims that have not been mediated or arbitrated.

Carrington argues that NRS 38.310 "does not apply to Carrington's claims because Carrington is not a homeowner within the HOA," and the statute only applies "to civil actions brought by homeowners."[19] But the statute contains no language suggesting it is limited only to homeowner plaintiffs. "The preeminent canon of statutory interpretation requires [the court] to 'presume that the legislature says in a statute what it means and means in a statute what it says there.'"[20] Had the Nevada legislature intended to restrict NRS 38.310's application to claims

---

[15] ECF 14 at 6.

[16] Nev. Rev. Stat. § 38.310.

[17] Nev. Rev. Stat. § 38.300(3).

[18] *McKnight Family, LLP*, 310 P.3d at 558.

[19] ECF 17 at 6.

[20] *Bldg. Energetix Corp. v. EHE, LP*, 294 P.3d 1228, 1232 (Nev. 2013) (quoting *BedRoc Limited, LLC v. United States,* 541 U.S. 176, 183 (2004)). This court must apply Nevada's rules of statutory construction when sitting in diversity. *See, e.g., In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995); *see also* ECF 1 at ¶ 4 (noting that jurisdiction in this case is based on diversity). And because I do not find this statute ambiguous, I do not consider its legislative history. *See Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 157 P.3d 710, 713 (Nev. 2007) ("If the words of a statute are unambiguous, this court will give those words their plain meaning. Otherwise, this court will look to legislative history and rules of statutory construction in

between homeowners and their HOAs, it could have easily said so. Instead, it broadly prescribed alternative-dispute resolution for "any civil action" that meets the statutory definition.

Carrington also contends that NRS 38.310 cannot affect this court's ability to exercise jurisdiction over its claims, but this argument misses the point. NRS 38.310 is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims. Its applicability is governed by the *Erie* doctrine,[21] which Carrington fails to analyze here.

### 2. Carrington's unjust-enrichment, bad-faith, and wrongful-foreclosure claims must be dismissed under NRS 38.310.

The Nevada Supreme Court staked out the boundaries of NRS 38.310 in *McKnight Family, LLP v. Adept Management Services, Inc.*[22] In *McKnight*, the homeowner sued the HOA alleging that it failed to properly credit his payments and wrongfully foreclosed based on delinquent assessments.[23] Like Carrington, he alleged claims for quiet title, bad faith, and wrongful foreclosure.[24] The district court dismissed all of his claims under NRS 38.310 because the parties had not mediated or arbitrated before the suit was filed.[25]

On appeal, the Nevada Supreme Court held that the quiet-title claim should not have been dismissed because quiet-title claims are expressly exempted from the statute's definition of "civil action."[26] But the Court found that the bad-faith and wrongful-foreclosure claims "fell

---

determining the statute's meaning.").

[21] *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999).

[22] *McKnight Family, LLP*, 310 P.3d at 555.

[23] *Id*. at 557.

[24] *Id*.

[25] *Id*.

[26] *Id*. at 559 ("it is not a civil action as defined in NRS 38.300(3)").

under NRS 38.310's purview."[27]  It reasoned that the NRS 116.1113 claim "required the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property" and, because the homeowner "sought money damages" for this claim, it qualified as a "civil action[] as defined in NRS 38.300(3)."[28]  It also concluded that the homeowner's claim that the HOA wrongfully foreclosed because it failed to properly credit the homeowner's payments likewise "involve[d] interpreting covenants, conditions, or restrictions applicable to residential property" and also required the court to "interpret the CC&Rs to determine their applicability and enforceability regarding" this property owner.[29]  *McKnight* demonstrates that the Nevada Supreme Court broadly interprets NRS 38.310 to require pre-litigation dispute resolution of claims relating to the interpretation, application, or enforcement of (1) an HOA's CC&Rs and bylaws *or* (2) laws governing residential property.

Like the claims in *McKnight*,[30] Carrington's unjust-enrichment, bad-faith, and wrongful-foreclosure claims fall under the purview of NRS 38.310.  The unjust-enrichment claim challenges the HOA's refusal to accept Bank of America's tender of $697.77 "in an attempt to satisfy the super-priority portion of the HOA's lien to protect the senior Deed of Trust."[31]  Adjudication of this claim will likely require the court to reference the CC&Rs to determine which assessments and charges the HOA was authorized to impose and which assessments and charges formed the basis for its lien.  Because these questions cannot be resolved without referencing the CC&Rs or the HOA's other governing documents, this claim must be mediated

---

[27] *Id*. at 558–59.

[28] *Id*.

[29] *Id*. at 560.

[30] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir. 1995)); *accord, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982) (federal courts must follow the state courts' interpretation of a state statute).

[31] ECF 1 at ¶ 66.

or arbitrated under NRS 38.310.

Carrington's bad-faith claim is founded on the allegation that the HOA breached NRS 116.1113.[32] NRS 116.1113 imposes a duty of good faith and fair dealing on any act performed under an HOA's CC&Rs adopted in accordance with Chapter 116.[33] So a bad-faith claim alleging a breach of NRS 116.1113 is necessarily "a claim relating to" the "enforcement of" both a covenant applicable to residential property and the "bylaws, rules[,] or regulations adopted by an association."[34] It must be dismissed under NRS 38.310.

The factual premise of Carrington's wrongful-foreclosure claim is that Bank of America had satisfied the superpriority portion of the lien before the foreclosure sale, so the foreclosure did not extinguish the deed of trust.[35] Like Carrington's unjust-enrichment claim, this cause of action will require "[t]he interpretation, application or enforcement of" various provisions of NRS Chapter 116, which constitute "covenants, conditions or restrictions applicable to residential property," or "[t]he interpretation, application or enforcement of" the HOA's "bylaws, rules[,] or regulations."[36] This claim, too, must be dismissed under NRS 38.310.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that the Estrella Homeowners Association's Motion to Dismiss Complaint [ECF 14] **is GRANTED**:

- **Carrington's fourth claim for relief** (tortious interference with contract) **is DISMISSED for failure to state a claim for relief**;

---

[32] ECF 1 at 12.

[33] Nev. Rev. Stat. § 116.1113.

[34] Nev. Rev. Stat. § 38.310(1).

[35] ECF 1 at 13.

[36] Nev. Rev. Stat. § 38.310(1).

- **Carrington's third, fifth, and sixth claims for relief** (unjust enrichment, breach of NRS 116.1113, and wrongful foreclosure) **are DISMISSED** under NRS 38.310.

Dated April 14, 2016

                                                        _____
                                                        Jennifer A. Dorsey
                                                        United States District Judge